Christopher D. Moon, SBN 246622
*chris@moonlawapc.com*
Kevin O. Moon, SBN 246792
*kevin@moonlawapc.com*
**MOON LAW APC**
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Telephone: (619) 915-9432
Facsimile: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAN DO, on behalf of herself and a class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EARTHWHILE ENDEAVORS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lan Do ("Plaintiff"), individually and on behalf of all others similarly situated, as more fully described herein (the "Class" and "Class Members"), brings this class action against Defendant Earthwhile Endeavors, Inc. ("Defendant"), and alleges as follows:

## **NATURE OF THE ACTION**

1.     In recent years, consumers have poured billions of dollars into the "natural" products market, including pet care. In fact, the "natural" products market is expected to reach over $40 billion by 2025.

2.     As a result, companies have scrambled to manufacture and sell "natural" products in an effort to gain market share. Unfortunately, rather than creating the products consumers desire, certain companies, like Defendant, have chosen instead to "greenwash" their products through deceptive labeling in order to convince consumers the products are "natural" when, in reality, they are not.

3.     The purported "natural" products (collectively, "Products") at issue are as follows:

- Earthbath Natural Pet Care Deodorizing Shampoo
- Earthbath Natural Pet Care Oatmeal & Aloe Shampoo
- Earthbath Natural Pet Care Oatmeal & Aloe Conditioner
- Earthbath Natural Pet Care Mango Tango 2-in-1 Conditioning Shampoo
- Earthbath Natural Pet Care Hypo-Allergenic Cat Shampoo
- Earthbath Natural Pet Care Hypo-Allergenic Shampoo
- Earthbath Natural Pet Care Coat Brightening Shampoo
- Earthbath Natural Pet Care 2-in-1 Conditioning Cat Shampoo
- Earthbath Natural Pet Care Ultra-Mild Puppy Shampoo
- Earthbath Natural Pet Care Dirty Dog Shampoo
- Earthbath Natural Pet Care Shed Control Shampoo
- Earthbath Natural Pet Care Shed Control Conditioner
- Earthbath Natural Pet Care Soothing Stress Relief Shampoo
- Earthbath Natural Pet Care Hot Spot Relief Shampoo
- Earthbath Natural Pet Care Hot Spot Relief Wipes
- Earthbath Natural Pet Care Shed Control Wipes
- Earthbath Natural Pet Care Tushy Wipes
- Earthbath Natural Pet Care Facial Wipes
- Earthbath Natural Pet Care Tooth & Gum Wipes
- Earthbath Natural Pet Care Eye Wipes
- Earthbath Natural Pet Care Ear Wipes
- Earthbath Natural Pet Care Puppy Wipes
- Earthbath Natural Pet Care Grooming Wipes (all varieties)
- Earthbath Natural Pet Care Cat Wipes (all varieties)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Earthbath Natural Pet Care Hypo-Allergenic Grooming Foam for Dogs
- Earthbath Natural Pet Care Hypo-Allergenic Grooming Foam for Cats
- Earthbath Natural Pet Care Shed Control Grooming Foam for Dogs
- Earthbath Natural Pet Care Grooming Foam for Cats
- Earthbath Natural Pet Care 3-in-1 Deodorizing Spritz (all varieties)
- Earthbath Natural Pet Care Stress Relief Spritz
- Earthbath Natural Pet Care Puppy Spritz
- Earthbath Natural Pet Care Hot Spot Relief Spritz



CLASS ACTION COMPLAINT

4.     Defendant manufactures, markets, advertises, labels, and sells the Products throughout California and the United States.

5.     The Products are all uniformly and prominently labeled "natural pet care."

6.     Contrary to the Products labeling and advertising, the purported "natural" Products contain numerous non-natural, synthetic, and/or artificial ingredients.

7.     Through falsely, misleadingly, and deceptively labeling the Products, Defendant sought to take advantage of consumers' desire for natural pet care products. Yet Defendant has done so at the expense of unwitting consumers, as well as Defendant's lawfully acting competitors, over whom Defendant maintains an unfair competitive advantage.

8.     As a result, Plaintiff brings this action individually and on behalf of those similarly situated, and seeks to represent a National Class and a California Subclass (defined *infra*). Plaintiff seeks damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its conduct. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the false, deceptive, and misleading labeling and marketing of the Products. Plaintiff makes these allegations based on her personal knowledge and, otherwise, on information and belief based on investigation of her counsel.

## JURISDICTION

9.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.  This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

**VENUE**

2    10.    Venue is proper in this District under 28 U.S.C. § 1391 because a

3  substantial part of the events and omissions giving rise to Plaintiff's claims

4  occurred in this District. In addition, Plaintiff purchased the unlawful Products in

5  this District, Defendant is headquartered in this District, and Defendant has

6  marketed, advertised, and sold the Products within this District.[1]

7

**PARTIES**

8  **A.    Plaintiff**

9    11.    Plaintiff Lan Do, who is currently a resident of Sausalito, California,

10  purchased, on several occasions between 2018-2019, earthbath natural pet care

11  oatmeal and aloe dog shampoo in Mill Valley, California for approximately $20

12  per bottle. The labeling of the Products purchased by Plaintiff is typical of the

13  labeling of the Products purchased by members of the Class. In making her

14  purchases, Plaintiff relied upon the claims made on the Products' advertising and

15  labeling. The claims were prepared and approved by Defendant and its agents and

16  disseminated statewide and nationwide, as well as designed to encourage

17  consumers to purchase the Products. If Plaintiff had known that the Products

18  contained non-natural, synthetic, and/or artificial ingredients, she would not have

19  purchased the Products or would have purchased them on different terms.

20  **B.    Defendant**

21    12.    Defendant Earthwhile Endeavors, Inc. is a California corporation with

22  its principal place of business in San Francisco, California.

23    13.    Defendant and its agents promoted, marketed and sold the Products at

24  issue in this jurisdiction and in this judicial district. The unfair, unlawful,

25  deceptive, and misleading advertising and labeling of the Products were prepared

26

27

28  [1] *See also* Declaration of Lan Do Regarding Venue Pursuant to Cal. Civ. Code § 1780(d), appended hereto as Exhibit A.

CLASS ACTION COMPLAINT

and/or approved by Defendant and its agents, and was disseminated by Defendant and its agents through labeling and advertising containing the misrepresentations alleged herein.

## **FACTUAL ALLEGATIONS**

14.     Defendant manufactures, markets, promotes, advertises, and sells a variety of pet care products under the "earthbath" brand name.

15.     Defendant touts the Products as "natural." For example, Defendant states on its website: "From the beginning, earthbath has been developed and manufactured in California with only the safest, finest ingredients from nature. From humble roots and a local following–based on the principles of purity and efficacy–earthbath has grown from four shampoos to a comprehensive line of natural shampoos, wipes, spritzes, and grooming foams that are sold and used by conscientious animal lovers across the nation and around the world."[2]

16.     Despite labeling the Products as being "natural," the Products actually contain, in varying combinations, numerous non-natural, synthetic, and/or artificial ingredients, including, but not limited to: Cetearyl Alcohol; Phytantriol; Glycerin; Sodium Lauryl Glucose Carboxylate; Lauryl Glucoside; Optical Brighteners, Boric Acid; Citric Acid; Polysorbate 20; Caprlyl Glycol; Hydrolyzed Silk Protein; Synthetic Cleansers and Conditioners, and Preservative.

17.     While Defendant publicly discloses certain of the Products' ingredients, Defendant identifies other ingredients using only vague and/or greenwashed descriptors.  For example, "Renewable plant-derived and coconut-based cleansers," "Gentle conditioner & detangler," "Vegetable-derived conditioner & detangler," and "Preservative." On information and belief, Defendant does so because these ingredients are not natural, as more fully described *infra*.

---

[2] https://earthbath.com/our-story/

**Synthetic Ingredients in the Products**

**Earthbath Natural Pet Care Deodorizing Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Oatmeal & Aloe Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Oatmeal & Aloe Conditioner**
- Cetearyl Alcohol
- Hydrolyzed Silk Protein
- Preservative
- Vegetable-derived conditioner & detangler

**Earthbath Natural Pet Care Mango Tango 2-in-1 Conditioning Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers
- Gentle conditioner & detangler

**Earthbath Natural Pet Care Hypo-Allergenic Cat Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Hypo-Allergenic Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Coat Brightening Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers
- Optical Brighteners

**Earthbath Natural Pet Care 2-in-1 Conditioning Cat Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers
- Gentle conditioner & detangler

**Earthbath Natural Pet Care Ultra-Mild Puppy Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers
- Gentle conditioner & detangler

**Earthbath Natural Pet Care Dirty Dog Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Shed Control Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Shed Control Conditioner**
- Phytantriol
- Hydrolyzed Silk Protein
- Preservative
- Vegetable-derived conditioner and detangler

**Earthbath Natural Pet Care Soothing Stress Relief Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Hot Spot Relief Shampoo**
- Glycerin
- Preservative
- Renewable plant-derived and coconut-based cleansers

**Earthbath Natural Pet Care Hot Spot Relief Wipes**
- Glycerin

- Preservative

**<u>Earthbath Natural Pet Care Shed Control Wipes</u>**
- Hydrolyzed Silk Protein
- Glycerin
- Preservative

**<u>Earthbath Natural Pet Care Tushy Wipes</u>**
- Preservative

**<u>Earthbath Natural Pet Care Facial Wipes</u>**
- Sodium Lauryl Glucose Carboxylate
- Lauryl Glucoside
- Boric Acid
- Citric Acid
- Preservative

**<u>Earthbath Natural Pet Care Tooth & Gum Wipes</u>**
- Polysorbate 20
- Glycerin
- Caprlyl Glycol
- Preservative

**<u>Earthbath Natural Pet Care Eye Wipes</u>**
- Boric Acid
- Citric Acid
- Preservative

**<u>Earthbath Natural Pet Care Ear Wipes</u>**
- Citric Acid
- Preservative

**<u>Earthbath Natural Pet Care Puppy Wipes</u>**
- Glycerin
- Preservative

**<u>Earthbath Natural Pet Care Grooming Wipes (all varieties)</u>**
- Glycerin
- Preservative

CLASS ACTION COMPLAINT

**<u>Earthbath Natural Pet Care Cat Wipes (all varieties)</u>**
- Glycerin
- Preservative

**<u>Earthbath Natural Pet Care Hypo-Allergenic Grooming Foam for Dogs</u>**
- Citric Acid
- Renewable plant-derived & coconut-based cleansers

**<u>Earthbath Natural Pet Care Hypo-Allergenic Grooming Foam for Cats</u>**
- Citric Acid
- Preservative
- Renewable plant-derived & coconut-based cleansers

**<u>Earthbath Natural Pet Care Shed Control Grooming Foam for Dogs</u>**
- Hydrolyzed Silk Protein
- Glycerin
- Citric Acid
- Renewable plant-derived & coconut-based cleansers

**<u>Earthbath Natural Pet Care Grooming Foam for Cats</u>**
- Citric Acid
- Preservative
- Renewable plant-derived & coconut-based cleansers

**<u>Earthbath Natural Pet Care 3-in-1 Deodorizing Spritz (all varieties)</u>**
- Glycerin
- Citric Acid
- Preservative
- Renewable plant & coconut-derived conditioner & detangler

**<u>Earthbath Natural Pet Care Stress Relief Spritz</u>**
- Glycerin
- Citric Acid
- Preservative
- Renewable plant & coconut-derived conditioner & detangler

**<u>Earthbath Natural Pet Care Puppy Spritz</u>**
- Glycerin
- Citric Acid
- Preservative

CLASS ACTION COMPLAINT

- Renewable plant & coconut-derived conditioner & detangler

**Earthbath Natural Pet Care Hot Spot Relief Spritz**
- Glycerin
- Citric Acid
- Preservative
- Renewable plant & coconut-derived conditioner & detangler

18.    **Cetearyl Alcohol** is a synthetic chemical ingredient that is typically used as an emulsion stabilizer, opacifying agent and foam boosting surfactant in personal care products. It is also classified as a synthetic flavoring substance and adjuvant by the FDA. *See* 21 C.F.R. § 172.515.

19.    **Polysorbate-20** is a synthetic emulsifier and surface-active agent.  *See* 21 C.F.R. § 178.3400.

20.    **Caprlyl Glycol** is a synthetic skin conditioning agent and preservative. The Federal Trade Commission charged several companies with falsely claiming their products were all-natural or 100% natural when, in fact, those products contained non-natural, synthetic, ingredients, including caprlyl glycol.[3] These companies were barred from making similar representations in the future.[4]

21.    **Glycerin** is an emollient that, according to federal regulations, is a synthetic substance.[5]

22.    **Phytantriol** is an aliphatic alcohol created by oxidizing isophytol in formic acid, hydrolysis of the product with an inorganic base, and isolation.[6]

23.    **Sodium Lauryl Glucose Carboxylate** is a synthetic cleaning agent

---

[3] https://www.ftc.gov/system/files/documents/cases/160713eden_cmpt.pdf;
https://www.ftc.gov/system/files/documents/cases/160713beyondcmpt.pdf
[4] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care
[5] *See* 7 C.F.R. 205.603
[6] https://en.wikipedia.org/wiki/Phytantriol

that is created by combining lauryl alcohol with glucose. Glucose is a synthetic substance according to federal regulations.[7]

24. **Lauryl Glucoside** is a synthetic cleaning agent that is created by combining lauryl alcohol with glucose. Glucose is a synthetic substance according to federal regulations.[8]  And, similarly, lauryl alcohol is synthetically created.

25. **Optical Brighteners** are synthetic chemical compounds used to enhance the appearance of color.

26. **Citric Acid** is a synthetic substance (2-hydroxy-propane-1, 2,3-tricarboxylic acid). While the chemical's name has the word "citric" in it, citric acid is no longer extracted from the citrus fruit but industrially manufactured by fermenting certain genetically mutant strains of black mold fungus, *Aspergillus niger*. This is synthetically produced by feeding simple carbohydrates to *Aspergillus niger* mold and then processing the resulting fermented compound. Calcium hydroxide and sulfuric acid are often used in processing citric acid.

27. **Boric Acid** is synthetically created by reacting sodium tetraborate decahydrate with a mineral acid, such as hydrochloric acid.[9]

28. **Hydrolyzed Silk Proteins** are made through hydrolysis, which is a chemical reaction in which a molecule of water ruptures one or more chemical bonds.

29. **Preservative** is, on information and belief, Phenoxyethanol, which is a toxic synthetic chemical. The Federal Trade Commission charged several companies with falsely claiming their products were all-natural or 100% natural when, in fact, those products contained non-natural, synthetic ingredients, including Phenoxyethanol.[10] These companies were barred from making similar

---

[7] *See* 7 C.F.R. 205.603
[8] *See* 7 C.F.R. 205.603
[9] https://en.wikipedia.org/wiki/Boric_acid
[10] https://www.ftc.gov/system/files/documents/cases/160412shikai-cmpt.pdf;

representations in the future.[11]

30.    **"Renewable Plant-Derived and Coconut-Based Cleansers"** are, on information and belief, synthetic cleaning agents or surfactants, such as sodium lauryl sulfate or cocomidopropylamine oxide, which are manufactured through substantial chemical processing.

31.    Accordingly, because the Products contain these non-natural, synthetic, and/or artificial ingredients, they are mislabeled, misleading, and misbranded under both federal and state law.

32.    7 U.S.C. § 6502 defines the term "synthetic" as "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes."

33.    Furthermore, Merriam-Webster defines "natural" as "existing in or produced by nature: not artificial," and "not having any extra substances or chemicals added: not containing anything artificial."

34.    In addition, the FTC has cautioned that "[m]arketers that are using terms such as natural must ensure that they can substantiate whatever claims they are conveying to reasonable consumers. If reasonable consumers could interpret a natural claim as representing that a product contains no artificial ingredients, then the marketer must be able to substantiate that fact." Guides for the Use of Environmental Marketing Claims, 75 FR 63552-01, 63586 (Oct. 15, 2010).

35.    No reasonable definition of "natural" includes ingredients that, even if sourced from "nature," are subject to extensive, transformative chemical processing before their inclusion in a product.

---

https://www.ftc.gov/system/files/documents/cases/160412edenbodyworkscmpt.pdf
[11] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falsely-promoting-their-personal-care

CLASS ACTION COMPLAINT

36.    The "natural" representations cause reasonable consumers, including Plaintiff, to believe the Products do not contain synthetic, artificial, and/or non-natural ingredients.

37.    Consumers have become increasingly concerned about the effects of synthetic ingredients in pet care products. Indeed, consumers, including Plaintiff, are willing to pay, and have paid, a premium for products advertised, marketed, and labeled as being "natural" over products containing non-natural, synthetic ingredients.

38.    Defendant materially misled and failed to adequately inform consumers, including Plaintiff, that the Products contain non-natural, synthetic and/or artificial ingredients.

39.    Based on Defendant's uniform material misrepresentations and omissions, consumers have purchased the Products to their detriment.

**C.    <u>Plaintiff Purchased the Misleading and Deceptive Products</u>**

40.    The Products' "natural" representations were and are material to reasonable consumers, including Plaintiff, in making purchasing decisions.

41.    Plaintiff relied on Defendant's misrepresentations, described herein, in making the decision to purchase the Products.

42.    At the time Plaintiff purchased the Products, Plaintiff did not know, and had no reason to know, that the Products' labeling and advertising were false, misleading, deceptive, and unlawful as set forth herein.

43.    Defendant materially misled and failed to adequately inform reasonable consumers, including Plaintiff, that the Products contained non-natural, synthetic, and/or artificial ingredients.

44.    Plaintiff would not have purchased the Products, or would have purchased them on different terms, if she had known the truth.  Accordingly, based on Defendant's material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

45.    It is possible, however, that Plaintiff would purchase the Products in the future if they were properly labeled and/or the ingredients complied with the labeling and advertising statements. Specifically, Plaintiff would consider purchasing the Products again if the Products did not contain non-natural, synthetic and/or artificial ingredients.

## CLASS ACTION ALLEGATIONS

46.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the relevant statute of limitations periods, purchased the Products ("Nationwide Class"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products ("California Subclass").

("Nationwide Class" and "California Subclass," collectively, "Class").

47.    Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

48.    Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

49.    This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

50.     **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

51.     **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues.  Included within the common questions of law or fact are:

a.     Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b.     Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

c.     Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

d.     Whether Defendant represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq*.;

e.     Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq*.;

f.     Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

g.     Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or

misleading in violation of Business and Professions Code section 17500, *et seq*.;

h.    Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

i.    Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

j.    Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

k.    Whether Defendant's conduct constitutes breach of express warranty;

l.    Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

m.    Whether Plaintiff and the Class have sustained damages as a result of Defendant's unlawful conduct;

n.    The proper measure of damages sustained by Plaintiff and Class Members; and

o.    Whether Defendant was unjustly enriched by its unlawful conduct.

52.    **Typicality**:  Plaintiff's claims are typical of the claims of the Class Members she seeks to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

53.    **Adequacy**: Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the Class Members Plaintiff seeks to represent.  Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and

competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

54. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.  The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.  Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c.  Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.  When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

55. Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

56.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

57.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT I

**Unfair and Unlawful Business Acts and Practices**

**(Business and Professions Code § 17200, *et seq.*)**

**(*On Behalf of the California Subclass*)**

58.    Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

59.    Plaintiff brings this claim individually and on behalf of the California Subclass.

60.    Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code § 17200, *et seq.* (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising[.]"

61.    Plaintiff brings this claim seeking equitable and injunctive relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

62.    Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

63.    Defendant's conduct was and continues to be unfair and fraudulent

because, directly or through its agents and employees, Defendant made uniform materially false representations and omissions, as described more fully herein. Defendant was and is aware that the representations and omissions it has made about the Products were and continue to be false and misleading.

64.    Defendant had an improper motive—to derive financial gain at the expense of accuracy or truthfulness—in its practices related to the labeling and advertising of the Products.

65.    There were reasonable alternatives available to Defendant to further Defendant's legitimate business interests, other than the conduct described herein.

66.    Defendant's misrepresentations of material facts, as set forth herein, also constitute an "unlawful" practice because they violate California Civil Code §§ 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

67.    Defendant's conduct in making the representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice under California Business & Professions Code §§ 17200-17208.

68.    In addition, Defendant's conduct was, and continues to be, unfair, in that its injury to countless purchasers of the Products is substantial, and is not outweighed by any countervailing benefits to consumers or to competitors.

69.    Moreover, Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Defendant's uniform, material representations and omissions regarding the Products was likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading. Plaintiff purchased the Products in reliance on the representations made by Defendant, as alleged herein.

70.    Plaintiff and members of the California Subclass have been directly

and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products that lacked the characteristics advertised, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Subclass members.

71.    As a result of the business acts and practices described above, Plaintiff and members of the California Subclass, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

72.    Pursuant to California Civil Code § 3287(a), Plaintiff and the California Subclass are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the California Subclass are entitled to interest in an amount according to proof.

## COUNT II

### Deceptive Advertising Practices

### (California Business & Professions Code §§ 17500, *et seq.*)

### (*On Behalf of the California Subclass*)

73.    Plaintiff re-alleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

74.    Plaintiff brings this claim individually and on behalf of the California Subclass.

75.    California Business & Professions Code § 17500 prohibits "unfair, deceptive, untrue or misleading advertising[.]"

76.    Defendant violated § 17500 when it represented, through their false

and misleading advertising and other express representations, that Defendant's Products possessed characteristics and value that they did not actually have.

77.    Defendant's deceptive practices were specifically designed to induce reasonable consumers like Plaintiff to purchase the Products. Defendant's uniform, material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its uniform representations and omissions were untrue and misleading. Plaintiff purchased the Products in reliance on the representations made by Defendant, as alleged herein.

78.    Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products that lacked the characteristics advertised, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and Subclass members.

79.    The above acts of Defendant, in disseminating materially misleading and deceptive representations and statements throughout California to consumers, including Plaintiff and members of the California Subclass, were and are likely to deceive reasonable consumers in violation of § 17500.

80.    In making and disseminating the statements alleged herein, Defendant knew or should have known that the statements were untrue or misleading, and acted in violation of § 17500.

81.    Defendant continues to engage in unlawful, unfair and deceptive practices in violation of §17500.

82.    As a direct and proximate result of Defendant's unlawful conduct in violation of § 17500, Plaintiff and members of the California Subclass, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of their misrepresentations.

83.   Plaintiff and members of the California Subclass also request an order requiring Defendant to disgorge their ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

## COUNT III

**Consumers Legal Remedies Act**

**(Cal. Civ. Code § 1750, *et seq.*)**

**(*On Behalf of the California Subclass*)**

84.   Plaintiff re-alleges and incorporates by reference all of the allegations contained in the complaint, as though fully set forth herein.

85.   Plaintiff brings this claim individually and on behalf of the California Subclass.

86.   Plaintiff brings this action pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.

87.   The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

88.   The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

89.   Defendant is a "person," as defined by the CLRA in California Civil Code §1761(c).

90.   Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

91.   Purchase of the Products by Plaintiff and members of the California Subclass are "transactions," as defined by the CLRA in California Civil Code §1761(e).

92.   Defendant violated Section 1770(a)(5) by representing that the

Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have" in that the Products are falsely labeled and advertised as being, among other things, natural. Defendant knew that consumers will often pay more for products with this attribute and have unfairly profited from its false and misleading claims.

93.    Similarly, Defendant violated section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . if they are of another" by falsely and deceptively labeling and advertising the Products as, among other things, being natural.

94.    In addition, Defendant violated section 1770(a)(9) by advertising the Products "with intent not to sell them as advertised" in that the Products are falsely labeled and advertised as, among other things, being natural.

95.    Defendant's uniform and material representations and omissions regarding the Products were likely to deceive, and Defendant knew or should have known that its representations and omissions were untrue and misleading.

96.    Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of the facts that Defendant suppressed and failed to disclose; and, Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

97.    Plaintiff and members of the California Subclass have been directly and proximately injured by Defendant's conduct. Such injury includes, but is not limited to, the purchase price of the Products and/or the price of the Products at the prices at which they were offered.

98.    Given that Defendant's conduct violated § 1770(a), Plaintiff and members of the California Subclass are entitled to seek and seek injunctive relief to put an end to Defendant's violations of the CLRA.

99.    Moreover, Defendant's conduct is malicious, fraudulent, and wanton

in that Defendant intentionally misled and withheld material information from consumers to increase the sale of the Products.

100.    Pursuant to California Civil Code § 1782(a), Plaintiff on her own behalf, and on behalf of members of the California Subclass, notified Defendant of the alleged violations of the Consumer Legal Remedies Act. Despite giving Defendant well over 30-days from the date of the notification letter to provide appropriate relief for violations of the CLRA, Defendant has failed to provide any such relief. As such, Plaintiff also seeks compensatory, monetary and punitive damages, in addition to equitable and injunctive relief, and requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money that may have been acquired by means of such unfair business practices, and for such other relief as is provided in California Civil Code § 1780 and in the Prayer for Relief.

101.    Plaintiff respectfully requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2).

## COUNT IV

### Breach of Express Warranty

#### (*On Behalf of the Nationwide Class and California Subclass*)

102.    Plaintiff re-alleges and incorporates by reference all of the allegations contained in the complaint, as though fully set forth herein.

103.    Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass.

104.    By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging and labeling, and through their marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class, and Defendant.

105.   Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products are, among other things, "natural."

106.   Despite Defendant's express warranties about the nature of the Products, the Products are not natural, and the Products are, therefore, not what Defendant represented them to be.

107.   Accordingly, Defendant breached express warranties about the Products and their qualities because the Products do not conform to Defendant's affirmations and promises.

108.   As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial.

## COUNT V

### Unjust Enrichment

### (*On Behalf of the Nationwide Class and California Subclass*)

109.   Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

110.   Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass.

111.   By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

112.   Defendant had knowledge of such benefit.

113.   Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

114.   Defendant's acceptance and retention of the benefit is inequitable and

unjust because the benefit was obtained by Defendant's fraudulent and misleading representations and omissions.

115. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the expense of Plaintiff and members of the Class, and therefore restitution and/or disgorgement of such economic enrichment is required.

## **PRAYER FOR RELIEF**

116. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against Defendant as follows:

1. For an order certifying the Nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Nationwide Class and California Subclass; and naming Plaintiff's attorneys as Class Counsel to represent the Nationwide Class and California Subclass;

2. For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

3. For an order awarding, as appropriate, compensatory and monetary damages, restitution or disgorgement to Plaintiff and the Class for all causes of action;

4. For an order requiring Defendant to immediately cease and desist from selling the unlawful Products in violation of law; enjoining Defendant from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

5. For an order awarding attorneys' fees and costs;

6. For an order awarding punitive damages;

7. For an order awarding pre-and post-judgment interest; and

8. For such other and further relief as the Court deems just and proper.

//

//

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff hereby demands trial by jury on all causes of action.

3

4    Dated:  May 20, 2020                  **MOON LAW APC**

5                                        By:

6

7                                        _____

8                                        CHRISTOPHER D. MOON
                                          KEVIN O. MOON
9                                        Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Christopher D. Moon, SBN 246622
   *chris@moonlawapc.com*
2  Kevin O. Moon, SBN 246792
3  *kevin@moonlawapc.com*
   **MOON LAW APC**
4  228 Hamilton Ave., 3rd Flr.
5  Palo Alto, California 94301
   Telephone: (619) 915-9432
6  Facsimile: (650) 618-0478
7
   *Attorneys for Plaintiff*
8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12  LAN DO, on behalf of herself and a class )    Case No.:
13  of all others similarly situated,        )
                                             )    **DECLARATION OF PLAINTIFF**
14                      Plaintiff,           )    **LAN DO REGARDING VENUE**
                                             )    **PURSUANT TO CALIFORNIA**
15            v.                             )    **CIVIL CODE § 1780(d)**
                                             )
16                                           )
17  EARTHWHILE ENDEAVORS, INC.,              )
                                             )
18                      Defendant.           )
                                             )
19                                           )
20  _____ )

21

22

23

24

25

26

27

28

─────────────────────────────────────────────
VENUE DECLARATION OF PLAINTIFF LAN DO

I, Lan Do, hereby declare:

1. I am the named-plaintiff and a prospective class member in the above-entitled action.

2. I am over 18 years old. I have personal knowledge of the facts stated herein and could competently testify thereto if called upon to do so.

3. I am currently a resident of Sausalito, California.

4. I purchased the Products at issue in Mill Valley, California.

5. California Civil Code § 1780(d) provides that a plaintiff seeking to bring a claim under section 1780(a) of the California Consumers Legal Remedies Act may commence that action "in the county in which the person against whom it is brought resides, has his or her principal place of business, or is doing business, or in the county where the transaction or any substantial portion thereof occurred."

6. Accordingly, the Complaint filed in the above-entitled action, is filed in the proper venue pursuant to California Civil Code § 1780(d).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 20, 2020, in Sausalito, California.

DocuSigned by:

ACA3A4F7946C482...

LAN DO